IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN LEMUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-0922-SMY |
| | ) | |
| UNKNOWN PARTIES. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On July 25, 2016, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 in the Northern District of Illinois. That case was transferred to this District on August 1, 2016. (Doc. 5). On August 18, 2016, the Court noted that Plaintiff had failed to sign his Complaint. (Doc. 9). As a result, the Court sent Plaintiff a copy of his Complaint and directed him to sign and return it no later than September 22, 2016. (Doc. 9). Plaintiff was specifically warned that failure to submit a signed Complaint would result in the striking of the Complaint and the dismissal of this action. (Doc. 9).

The deadline has now passed and Plaintiff has not filed a signed Complaint. He has also failed to request an extension of the deadline for doing so. Nothing in his filings indicates that filing a signed Complaint is beyond Plaintiff's abilities. In fact, Plaintiff did sign his motion asking for representation, suggesting that he understands the concept. The Court therefore finds that Plaintiff is not in compliance with its August 18, 2016 Order directing him to file a signed Complaint. (Doc. 9).

Accordingly, this case is **DISMISSED with prejudice** for failure to file a valid Complaint and for failure to comply with an order of this Court.  FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  The Clerk is **DIRECTED** to **STRIKE** the Complaint.  (Doc. 1).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998).  If the appeal is found to be non-meritorious, Plaintiff may also incur a "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1]  FED. R. APP. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 7, 2016**

s/ STACI M. YANDLE<br>United States District Judge

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).